IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHANG LIM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:15cv613 |
| | ) |
| SYLVIA MATHEWS BURWELL, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# REPORT AND RECOMMENDATION[1]

This case is before me on Defendant's motion to dismiss, or in the alternative, to transfer venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Dkt. No. 21. This issue has been fully briefed and I find that a hearing on the matter would not aid in the decisional process. For the reasons outlined below, I **RECOMMEND** that Defendant's motion be **GRANTED in part** and this case be **TRANSFERRED** to the United States District Court for the District of Maryland.

Plaintiff Chang Lim ("Lim") has filed suit against Sylvia Mathews Burwell, Secretary of the Department of Health and Human Services ("DHHS"), and DHHS, alleging a total of six counts. Counts I and II allege substantive and procedural due process violations under the Fifth Amendment. Counts III and IV allege discrimination and retaliation in violation of Title VII. Count V alleges a Privacy Act violation and Count VI alleges a First Amendment claim. Because Lim alleges Title VII claims arising out of his employment with the Department in Maryland, the

---

[1] While a motion for change of venue is not listed in 28 U.S.C. § 636(b) as a dispositive motion requiring a report and recommendation from a magistrate judge, courts are split on whether such a motion is or is not dispositive. See D'Amato v. ECHL, Inc. 2015 WL 2151825, *1 (W.D.N.Y. May 7, 2015) (listing cases). Given that this is an unsettled issue, I find it most appropriate to handle the motion via a report and recommendation to the presiding district court judge.

proper venue for this case (including the non-Title VII claims) is the United States District Court for the District of Maryland.

Upon a defendant's challenge to venue, it is the plaintiff's burden to establish that venue is proper in the judicial district where the plaintiff has filed his case. Perkins v. Town of Princeville, 340 F. Supp. 2d 624, 626 (M.D.N.C. 2004); see also Harley v. Chao, 503 F. Supp. 2d 763, 772 (M.D.N.C. 2007) (holding the same). In considering a motion under Rule 12(b)(3), the court may consider evidence outside the pleadings. Aggarao v. MOL Shipping Management Co., Ltd., 675 F.3d 355, 365 (4th Cir. 2012). A plaintiff must make only a prima facie showing of proper venue in order to survive a motion to dismiss under this rule. Id.

Venue in Title VII claims is governed by the provisions of Title VII itself and not the general venue provisions of 28 U.S.C. § 1391. Harding v. Williams Property Co., 163 F.3d 598, 1998 WL 637414, at *2, n. 5 (4th Cir. 1998). Venue for Title VII cases lies in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." Id. (citing 42 U.S.C. § 2000e-5(f)(3)). If a respondent is not found within these districts, then the case may be brought within the judicial district in which the respondent has his principal office. 42 U.S.C. § 2000e-5(f)(3).

Here, Lim alleged in his complaint that he worked for DHHS as a Food and Drug Administration ("FDA") fellow from sometime in late 2008 until he was terminated in June of 2009. Defendants point out that the FDA, which is an agency of the DHHS, is located entirely in Maryland, where Lim worked during his employment with DHHS as a fellow. Therefore, DHHS contends, venue is proper in Maryland where the alleged improper employment practices were

committed, where the relevant employment records are located, and where Lim would have remained working had he not been terminated.

Lim asserts for the first time in his response that he "could have worked in Virginia as he had once sought to work as a Senior Investigator for the US FDA Office in Roanoke, VA. The request was denied by the defendants." Pl.'s Resp. at 1. Lim fails to make the prima facie showing required to establish that venue is appropriate in the Western District of Virginia. Lim alleges that he worked for DHHS and Defendant states that DHHS was and is located in Maryland. Lim does not dispute Defendants' assertions that DHHS is in Maryland, that the alleged unlawful employment practices occurred there, or that the records of his employment are located in Maryland. Thus venue is appropriate in Maryland under the first two provisions.

As for the third provision, Lim's after-the-fact statement that he "could have worked in Virginia" because he "once sought" to work in the Roanoke office of the FDA fails to satisfy his burden to establish a prima facie showing that venue is proper in this court. In order for venue to be proper in the Western District of Virginia, Lim must at least allege that this is the district in which he "would have worked but for the alleged unlawful employment practice." See 42 U.S.C. § 2000e-5(f)(3). Lim's statement that he "could have" worked in Roanoke, but that his request was denied fails to establish that venue is appropriate in this district. Lim fails to allege that he would have worked in Roanoke "but for" the alleged unlawful employment practices. Furthermore, nowhere in his complaint does Lim mention that he requested to work in Roanoke or that working anywhere outside of the Department's office in Maryland was ever an option for him. This self-serving and unsupported assertion in a response to a motion to transfer venue fails to establish a prima facie showing that venue is appropriate here. Accordingly, I

**RECOMMEND** that the case be transferred to the United States District Court for the District of

Maryland where Lim worked at the time of the alleged incidents and where the relevant records are located.

I note that Lim brings four claims that are not Title VII claims, and thus not explicitly subject to the venue provisions outlined in Title VII. However, "[i]n cases involving Title VII and ADEA claims where venue is properly laid for one claim, but not the other, 'courts have consistently transferred the entire action to the district where venue is proper for both claims.'" Lengacher v. Reno, 75 F. Supp. 2d 515, 519 (E.D. Va. 1999) (internal citations omitted). I find that, pursuant to 28 U.S.C. § 1406(a), it is in the interests of justice and judicial economy to transfer this entire case to Maryland, where it could have been brought initially.

In fact, it appears that Lim originally filed this case in the District of Maryland, which determined that it lacked jurisdiction over claims substantially similar to those that Lim makes in this case. See Lim v. United States, 2011 WL 2650889 (D. Md. Jul. 5, 2011). Recognizing that there may still be jurisdictional issues in Lim's present case, I find it most appropriate to transfer the entire case to the District of Maryland for disposition there. Accordingly, I **RECOMMEND** that this case be transferred to the United States District Court for the District of Maryland.

The Clerk is directed to transmit the record in this case to Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual

recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

The Clerk is directed to mail a copy of this Report and Recommendation to Lim at his address of record.

Entered:  September 7, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge